IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**THOMAS R. CARROLL,**

       Petitioner,

v.                                                    **CIVIL ACTION NO.: 3:20-CV-96
(GROH)**

**PAUL ADAMS, Warden,**

       Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 16. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny and dismiss without prejudice the Petitioner's habeas petition. The Petitioner timely filed his objections to the R&R [ECF No. 21], and the Petitioner submitted a motion to stay this case [ECF No. 22]. Accordingly, this matter is now ripe for adjudication.

### I. Background

On June 16, 2020, the Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Therein, the Petitioner raises one ground for relief, concerning his sentence. The Petitioner argues that the sentencing court improperly applied the career offender enhancement. In support, the Petitioner argues that his underlying conviction for violating 21 U.S.C. § 846 does not qualify as a controlled substance offense,

so he does not qualify for the career offender enhancement. For relief, the Petitioner requests that his sentence be vacated, and his underlying criminal action be remanded for resentencing without the career offender designation.

On January 31, 2022, Magistrate Judge Robert W. Trumble entered an R&R in this case. ECF No. 16. Therein, Magistrate Judge Trumble recommends that this Court deny and dismiss without prejudice the Petitioner's habeas petition due to a lack of subject matter jurisdiction over the Petitioner's claim. Specifically, Magistrate Judge Trumble found that the Petitioner cannot satisfy the second prong of the jurisdictional threshold test established in Wheeler, which requires that "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review." United States v. Wheeler, 886 F.3d 415, 428-29 (4th Cir. 2018). This prong includes two elements: (1) a claimant must first file a direct appeal and a § 2255 petition and (2) the change in the substantive law must be designated as retroactive.

First, Magistrate Judge Trumble found that the Petitioner failed to file a § 2255 petition or a direct appeal prior to filing the instant § 2241 petition. Second, Magistrate Judge Trumble found that the Sixth Circuit precedent cited by the Petitioner, United States v. Cordero, 973 F.3d 603, 626 (6th Cir. 2020) and United States v. Havis, 927 F.3d 382 (6th Cir. 2019), is not retroactive. Ultimately, the Petitioner cannot satisfy either element of the second prong of the Wheeler test. Because the Petitioner cannot satisfy the jurisdictional threshold test established in Wheeler, this Court is without jurisdiction to consider his § 2241 petition. Therefore, Magistrate Judge Trumble recommends that this Court dismiss without prejudice the Petitioner's habeas petition.

On February 9, 2022, the Petitioner timely filed a motion requesting an extension of the deadline to file objections to the R&R. ECF No. 18. The Court granted the Petitioner's motion and extended the deadline to April 6, 2022. ECF No. 19. On April 8, 2022, the Petitioner submitted his objections to the R&R. ECF No. 21.

On June 23, 2022, the Petitioner filed a motion requesting that this Court stay his civil action until the United States Supreme Court renders a decision in Jones v. Hendrix, No. 21-857. In support of his motion, the Petitioner argues that because he no longer qualifies as a career offender, the decision in Jones may result in his freedom. This motion remains pending before the Court, as well.

## II.     Legal Standards

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten

pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe

that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. Analysis

Now pending before the Court are the Petitioner's Objections [ECF No. 21] to Magistrate Judge Trumble's R&R [ECF No. 16] and the Petitioner's Motion for a Stay [ECF No. 22]. Upon review of the filings in this matter, the Court finds that the Petitioner raises two objections that warrant de novo review. The objections and the motion for a stay will each be addressed in turn.

**A. Petitioner's Objections**

In his initial petition, the Petitioner's sole argument for relief asserts that the sentencing court misclassified him as a career offender under the post-Booker advisory Guidelines. ECF No. 1 at 10; United States v. Booker, 543 U.S. 220, 259-67 (2005) (holding that that the United States Sentencing Guidelines were no longer mandatory but purely advisory). Specifically, the Petitioner argues that his underlying offense of conviction, conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846, no longer qualifies as a "crime of violence" or a "controlled substance offense," under Sixth Circuit law. Therefore, he contends that the career offender enhancement should not have been included in his Guidelines calculation.

In his first objection, the Petitioner takes issue with Magistrate Judge Trumble's suggestion that the Petitioner may seek leave to file a § 2255 petition out of time under § 2255(f). The Petitioner argues that § 2255 would be an "empty forum" for his claim. In support, the Petitioner cites to Bullard v. United States, 937 F.3d 654 (6th Cir. 2019). The

5

Petitioner relies on Bullard v. United States for the first time in his objection in support of his argument. The Petitioner asserts that the Sixth Circuit's holding in Bullard prevents him from using § 2255 as an avenue for relief for his claim.

Indeed, the claimant in Bullard similarly argued that his career-offender designation was erroneous under the advisory sentencing Guidelines. The claimant in Bullard was even factually situated somewhat similarly to the Petitioner; Bullard argued that his conviction for attempting to sell drugs was no longer a controlled substance offense and cited Havis in support. The Sixth Circuit held that post-Booker, "misapplication-of-the-guidelines-range" claims are not cognizable on collateral review under § 2255.

At the time that the Petitioner could have timely filed a § 2255 petition, the Sixth Circuit had not yet decided Bullard or Havis. The Petitioner was sentenced in 2016, and the Sixth Circuit decided both Havis and then Bullard in 2019. The Petitioner is correct that at present his claim is not cognizable in a § 2255 petition under Sixth Circuit precedent. To the degree that the Petitioner objects to the magistrate's suggestion that he may seek leave to file an out of time § 2255 petition, the objection is **SUSTAINED**. At the time the Petitioner could have timely filed a § 2255 petition, the favorable Havis precedent did not exist, but if the Petitioner sought to file an untimely § 2255 petition now, the Bullard precedent precludes relief. While the Court sustains the Petitioner's objection on this point, the Court will still adopt the magistrate's R&R because this objection is not dispositive.

In his second objection, the Petitioner takes issue more generally with the magistrate's finding that the Petitioner cannot pursue his claim through the § 2255 savings

6

clause. In support of his second objection, the Petitioner provides three arguments: (1) he is not required to file a § 2255 petition or a direct appeal to pursue a § 2255 or § 2241 petition, (2) the Fourth Circuit has held that convictions for violating § 846 do not qualify for the career offender enhancement, and (3) that the career offender enhancement is unique because it implicates a statutory maximum, not an advisory range.

Regarding the Petitioner's first argument, the substantive and procedural requirements for filing either a § 2255 or § 2241 are nuanced. Generally, prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, addresses the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from issues including the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, type of detention imposed, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, a "savings clause" in § 2255 exists, which allows a prisoner to challenge the validity of his conviction or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re

7

Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Different tests apply depending on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. However, and most importantly, both tests include an element with the language "*subsequent to* the prisoner's direct appeal and first § 2255 motion." Wheeler, 886 F.3d at 428 (emphasis added); In re Jones, 226 F.3d at 333–34 (emphasis added). The phrase "subsequent to" clearly implies a requirement to first file a direct appeal and § 2255 motion before filing a § 2241, if filing pursuant to the savings clause of § 2255. Therefore, the Petitioner's objection arguing that he is not required to file a § 2255 petition or a direct appeal is **OVERRULED**.

Next, the Petitioner states that the Fourth Circuit has also held that convictions for violating § 846 do not qualify for the career offender enhancement. The Petitioner cites no legal authority in support of this proposition. Nonetheless, the Petitioner is somewhat correct in his assessment of current Fourth Circuit precedent. Indeed, the Fourth Circuit has held that "§ 846 conspiracy convictions cannot support [a defendant's] enhanced sentencing as a career offender because they are not categorically controlled substance offenses." United States v. Whitley, 737 F. App'x 147, 149 (4th Cir. 2018). However, the Court does not find any merit in the Petitioner's objection as applied to his petition. Under the Fourth Circuit's Local Rules, unpublished opinions are not precedential; indeed, "[i]n the absence of unusual circumstances," the Fourth Circuit is bound as a court "not [to] cite an unpublished disposition in any of [its] published opinions or unpublished opinions." See Hogan v. Carter, 85 F.3d 1113, 1118 (4th Cir. 1996). Given that Whitley is an unpublished opinion, the Court finds that the Petitioner's reference to this precedent has no persuasive effect.

8

Further, the Petitioner was sentenced post-Booker, when the United States Sentencing Guidelines became advisory. United States v. Booker, 543 U.S. 220, 246 (2005) ("The other approach, which we now adopt, would (through severance and excision of two provisions) make the Guidelines system advisory."). A sentencing court's decision to apply the Guidelines is now completely discretionary. Id. Indeed, when a person is sentenced under the advisory, post-Booker Guidelines, the sentencing court "not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018) (noting that sentencing judges must engage in an individualized analysis of sentencing factors). Indeed, most relevant to the Petitioner, "[d]istrict courts must make an independent determination that a Guidelines sentence, *even one based on a career offender designation*, would comport with the sentencing standard set forth in 18 U.S.C. § 3553(a)." United States v. Foote, 784 F.3d 931, 941 (4th Cir. 2015) (cleaned up) (emphasis added). Even if the sentencing court misapplied the career offender enhancement under the advisory Guidelines, this Court is without authority to review the alleged error. Id. at 940-44. Therefore, to the degree that the Petitioner argues that unpublished Fourth Circuit precedent warrants the removal of his career offender enhancement, his objection is **OVERRULED**.

Lastly, the Petitioner argues that the career offender enhancement is unique because it implicates a statutory maximum, not an advisory range. Here, the Petitioner simply misunderstands the law. "Unlike a statute, the career offender provision is one part of a series of guidelines meant to guide the district court to the proper sentence." Id. at 941. While the career offender enhancement does indeed typically result in a sentencing

recommendation that is at or near the statutory maximum penalty for the federal offense of conviction, the career offender enhancement is not a statutory enhancement. The Petitioner may be conflating the career offender enhancement with a statutory enhancement, like the Armed Career Criminal Act. Accordingly, the Petitioner's objection arguing that he was sentenced pursuant to a statutory maximum and not an advisory Guideline is **OVERRULED**.

Ultimately, the Petitioner's § 2241 petition suffers a fatal flaw, one which the Petitioner consistently attempts to dodge throughout his objections: the Petitioner was sentenced as a career offender under the post-Booker advisory Guidelines. Even if the sentencing court misapplied the career offender enhancement, the error does not rise to the level of a fundamental defect. Further, throughout his objections, the Petitioner mischaracterizes Magistrate Judge Trumble's findings by omitting the latter half of the magistrate's analysis: the Petitioner cannot satisfy the second element in this prong of Wheeler because the change in the substantive of the Sixth Circuit was not retroactive.

While the Sixth Circuit did recently decide that conspiracy to distribute cocaine does not qualify as a "controlled substance offense" under the career offender sentencing guideline, United States v. Havis, 927 F.3d 382, 387 (6th Cir. 2019), the Sixth Circuit did not promulgate that change as retroactive. Alexander v. United States, No. 19-4005, 2020 WL 6111201, at *2 (6th Cir. June 30, 2020); United States v. Maldonado, No. 5:16-CR-264, 2021 WL 3036849, at *2 (N.D. Ohio July 19, 2021) ("Havis does not have retroactive effect.), aff'd, No. 21-3692, 2022 WL 3020937 (6th Cir. Mar. 29, 2022); United States v. Lawrence, No. 17-20259, 2021 WL 859044, at *1 (E.D. Mich. Mar. 8, 2021) (acknowledging that Havis does not have a retroactive effect); see also Dorsey v. United

States, 567 U.S. 260, 280 (2012) (holding that "the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced"). Accordingly, because the precedent set in Havis is not retroactive, the Petitioner's objection to Magistrate Judge Trumble's finding that the Petitioner cannot satisfy the second prong of the jurisdictional threshold test in Wheeler is **OVERRULED**.

### B. Petitioner's Motion for Stay

Also pending before the Court is the Petitioner's Motion for a Stay. ECF No. 22. Therein, the Petitioner requests that this Court stay his civil action until the United States Supreme Court renders a decision in Jones v. Hendrix, No. 21-857. In support of his motion, the Petitioner argues that because he no longer qualifies as a career offender, the decision in Jones may result in his release from incarceration.

The Court does not find the Petitioner's assertion persuasive as there exist two significant distinctions between the Petitioner's case posture and the issues before the Supreme Court in Jones. In Jones, the Supreme Court will decide whether federal inmates who did not—because established circuit precedent stood firmly against them—challenge their convictions on the ground that the statute of conviction did not criminalize their conduct may apply for habeas relief under 28 U.S.C § 2241, after the Supreme Court later makes clear, in a retroactively applicable decision, that the circuit precedent was wrong and that they are legally innocent of the crime of conviction.

First, the claimant in Jones is arguing that he is actually innocent of the crime that he was convicted of. Here, the Petitioner is not arguing that he is actually innocent of a crime; he is merely arguing that he no longer qualifies as a career offender, which is not a crime in and of itself. Second, the issue in Jones involves a retroactively applicable

decision. Here, the Sixth Circuit decision changing the criteria required to apply the career offender enhancement is not retroactive. For these two crucial reasons, Jones is easily distinguishable from the Petitioner's claim before the Court.

Further, neither issue to be decided in Jones will affect the Court's reason for denying and dismissing the Petitioner's § 2241, which is that the Petitioner seeks review of a career offender enhancement applied under the post-Booker advisory Guidelines. Accordingly, the Court finds no good cause to grant a stay in this matter. Therefore, the Petitioner's Motion for a Stay [ECF No. 22] is **DENIED**.

### IV.     Conclusion

After a review of the remainder of the R&R for clear error, and finding none, this Court holds that the R&R carefully considered the record and applied the appropriate legal analysis. Therefore, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 16] should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the R&R, the Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] is **DENIED and DISMISSED WITHOUT PREJUDICE**.

The Court **FURTHER ORDERS** that the Petitioner's Motion for a Stay [ECF No. 22] be **DENIED.**

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk is **DIRECTED** to mail a copy of this Order to the pro se Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: March 6, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE